MARY BOWLING, administratrix, plaintiff in error, *vs.* ORNAN WHATLEY, defendant in error.

1. When there has been a counter-showing to a motion for a continuance, and the testimony is conflicting, the decision of the court thereon will not be interfered with, unless it appears that there has been an abuse of discretion in the refusal of the continuance.

2. If the motion be founded on the ground that the defendant's health would not permit her to be present at the trial, and on the hearing of a motion for a new trial the defendant's affidavit is used, which neither states her condition at the time the trial was had, or shows wherein she could have suffered damage by reason of her absence, the refusal of the continuance is not a sufficient ground for granting a new trial.

3. A defendant who has filed a plea of *plene administravit* cannot, after the testimony is concluded and the charge of the court given to the jury, withdraw his plea, and then, on a motion for a new trial, assign errors in the ruling of the court in admitting evidence against such defense, or in the charge of the court in reference to the same.

Continuance, New trial. Administrators and executors. Before Judge BUCHANAN. Troup Superior Court. May Term, 1873.

Ornan Whatley brought complaint against Mary Bowling, as administratrix upon the estate of Archibald W. Tyree, deceased, for $316 25, besides interest, alleged to be due upon certain promissory notes made by her intestate. The defendant pleaded the general issue and *plene administravit.*

When the case was called for trial, counsel for defendant moved for a continuance on account of the absence of their client caused by sickness and family affliction. A counter-showing was made by the plaintiff. The motion was overruled and defendant excepted.

After the testimony was closed and the jury charged, counsel for defendant withdrew the plea of *plene administravit* and relied upon that of the general issue alone. The jury found for the plaintiff. The defendant moved for a new trial because of error in overruling the aforesaid motion for continuance, and because of certain alleged errors in rulings and charges of the court, all of which were based upon the case

Bowling *vs.* Whatley.

as presented by the plea of *plene administravit.* In support of the motion was attached the affidavit of the defendant, which failed either to state her condition at the time of trial, or to show in what manner she had been prejudiced by her absence. The motion was overruled and defendant excepted.

B. H. BIGHAM; T. H. WHITAKER, for plaintiff in error.

TOOLE & MABRY, for defendant.

TRIPPE, Judge.        •

1. The counter-showing to the motion was supported by strong evidence, and we cannot say that the judge who was to pass upon it abused his discretion in refusing the continuance.

2. We are the more confirmed in our conclusion, from the fact that, on the motion for a new trial, the affidavit of the defendant was used, and it neither stated the condition of her health at the time of the trial, or her inability to attend court, or wherein she could have suffered damage by reason of her absence. Nothing was positively stated by the other witnesses showing that she could not attend court, and nobody could have better known as to that than the defendant herself. That omission in the affidavit was significant. Courts should not be left to grope in the dark; and it may be strongly inferred, where one knows whether a particular thing is true or not, (and if it be true, it is to his interest to let it be known,) and he does not state it, that that fact does not really exist. In cases like the one under consideration, this rule is specially applicable.

3. The plea of *plene administravit* was filed. This cast a certain *onus* upon the plaintiff, and imposed a special risk on the defendant, if found against the plea. After the evidence was all in, and the charge of the court given, the plea was withdrawn. Whether this was done over the objection of plaintiff or not, does not appear. The withdrawal of the plea relieved the defendant (the administratrix,) from the danger of an alternative verdict—one reaching her individually.

She could not do this and then except to the rulings or charges of the court on that question. The law cannot be speculated upon in that way. When the plea was withdrawn, all the issues growing out of it fell with it. If rights are claimed, the corresponding burdens must be borne.

Judgment affirmed.